In the Matter of PETER K. TIMON, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 14, 1972.

*John G. Bonomi* of counsel (*Patrick J. Moynihan* with him on the brief), for petitioner.

*Anthony F. Vietri* of counsel (*Murray J. Halper* with him on the brief), for respondent.

*Per Curiam.* Respondent, at that time a Greek immigrant, graduated from the University of Buffalo Law School in 1953. Because he was not an American citizen, he could not take the Bar examination until 1957, and was finally admitted to the Bar in 1959, at the age of 34, at which time he had a wife and two children to support. He is charged with having, in the years 1963 and 1964, fallen into the hands of " marriage arrangers " who caused him to be retained for the purpose of facilitating the permanent entry of aliens, who married female citizens of the United States. These marriages were marriages of convenience only, to circumvent the immigration laws, as evidenced by the fact in some instances respondent procured either executed or blank powers of attorney from the females, consenting to a divorce, either at the time of the wedding or immediately

thereafter. The crux of the charges is that he, knowing the marriages were not intended to be permanent, filed petitions for permanent entry on behalf of the aliens, who were Greeks, and failed to disclose the intent of the married couples in testimonial hearings before the Immigration Service, wherein his clients testified that they had met their wives by chance and had married them for love. His explanation for his conduct is that the information in the petitions was accurate and his advice that all petitions were subject to investigation and substantiation by the Immigration Service, was his understanding of his obligation as filer of the immigration forms.

The inescapable fact is that respondent perpetrated a deliberate fraud on the Government and his conduct cannot escape some sanction.

The Referee has recommended '' that the Court take into account respondent's cooperation with the Immigration Service and the United States Attorney '', who successfully prosecuted in 1966 three actions for violation of the criminal statutes against three of these marriage arrangers, largely on the testimony of respondent. The Referee also calls to our attention, as a mitigating factor, the fact that these events occurred six or seven years ago at a time when respondent's fellow Greeks were having a difficult time, because of the restrictive immigration laws against Greek natives, prior to 1965.

During World War II respondent worked in Greece for the International Red Cross; after that country's liberation, and until 1947, he served as an interpreter with the British Army. During his attendance in Valparaiso University, in 1947, he met his present wife. They were married in 1949. One of his two children is a daughter, who is a university graduate now attending law school. The other, a son, was recently admitted to the State University of New York, under a Regents scholarship.

Except for the charges we have now confirmed, there appears nothing dishonorable in the life of the respondent, and we note, and it is not refuted, that he had little, if any, knowledge or information of the individuals involved; and he had no part in arranging the marriages. He did not share his fees with the arrangers, and his fees were indeed modest. There is no claim in any of the charges that the clients, the married couples, complained to any authorities or that he in any way influenced any officer of the Immigration and Naturalization Service. The respondent has resigned from the Immigration Bar.

In determining the sanction to be imposed we have taken note of his good reputation in the community, as testified to by rep-

utable character witnesses, the fact that he came to this country after living through the war years in Greece, the fact that he had become an American citizen through his marriage to an American citizen, to whom he has been married for 22 years, and the fact he has long struggled, at a relatively mature age, to become an attorney. We have concluded that it appears that respondent's personal and social background, and desire to aid his fellow Greeks, coupled with the economic pressures incident to the support of his family, dulled " his correct thinking which was the cause of the wrongdoing rather than moral turpitude ". (See *Matter of Hahn,* 285 App. Div. 592; *Matter of Rotwein,* 20 A D 2d 428.)

We conclude that respondent should be suspended for a period of 18 months.

STEVENS, P. J., McGIVERN, MARKEWICH, NUNEZ and KUPFERMAN, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for 18 months, effective December 14, 1972.